# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02347

CLINTON BLYTH,

    Plaintiff,

v.

MONSANTO COMPANY, and
POUDRE VALLEY CO-OPERATIVE ASSOCIATION, INC.,

    Defendants.

---

### DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *Clinton Blyth v. Monsanto Company, et al.*, bearing case number 2019CV30621, from the District Court for the City and County of Larimer, Colorado to the United States District Court for the District of Colorado. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

### Introduction

1.     In this products liability lawsuit, plaintiff Clinton Blyth sues Monsanto and Poudre Valley Co-operative Association, Inc. ("Poudre Valley Co-op") for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these

herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer. Nevertheless, plaintiff alleges that he developed cancer – specifically, non-Hodgkin's lymphoma ("NHL") – caused by exposure to Monsanto glyphosate-based herbicides.

2. This is one of many lawsuits that have been filed in state and federal courts across the country against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation ("MDL") proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a citizen of Colorado. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Plaintiff fraudulently joined Poudre Valley Co-op, so the Court must disregard the presence of that Colorado defendant when evaluating the issue of diversity jurisdiction and the propriety of removal notwithstanding the presence of that defendant. Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because plaintiff seeks damages for cancer allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

## Background and Procedural History

4. Plaintiff commenced this lawsuit in the District Court for the City and County of Larimer, Colorado by filing a complaint, captioned *Clinton Blyth v. Monsanto Company, et al.*, Case Number 2019CV30621, on or about July 12, 2019 (the "State Court Action").

5. Copies of "all process, pleadings, and orders served upon [Monsanto]," 28 U.S.C. § 1446(a), in the State Court Action (or otherwise available from the state court's file) are separately filed in accordance with D.C.COLO.LCivR 81.1 as attachments 1 through 9.

6. Plaintiff seeks damages for NHL allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, Complaint ¶¶ 1, 94, 96 (Attachment 1). Plaintiff alleges that he was diagnosed with NHL in 2006. *Id.* ¶ 1.

## Basis For Removal – Diversity Jurisdiction

7. According to the Complaint, plaintiff is, and was at the time the State Court Action was filed, a citizen of the State of Colorado. Complaint ¶ 1.

8. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Complaint ¶ 2. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

9. Poudre Valley Co-op, the only Colorado defendant, has been fraudulently joined to avoid removal, as discussed below. As alleged in the Complaint, Poudre Valley Co-op "distributed Monsanto products including Roundup in the state of Colorado." Complaint ¶ 5. The Complaint does not have any other allegations specific to Poudre Valley Co-op.

10. The fraudulent joinder doctrine is an exception to the general rule that complete diversity of citizenship is required for a federal court to have diversity-based subject matter jurisdiction. "Fraudulent joinder creates a narrow exception to the requirement of complete

diversity in cases where there is no viable cause of action asserted against a non-diverse defendant, such that their [*sic*] inclusion in a case amounts to a patent 'sham or fraudulent device.'" *Probuild Holdings, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 11-cv-00096-ZLW, 2011 WL 1100148, at *1 (D. Colo. Mar. 23, 2011) (citing *Smoot v. Chicago Rock Island & Pac. Ry. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). To establish fraudulent joinder, "the removing party must demonstrate . . . inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). Fraudulent joinder also renders the so-called "forum defendant rule" inapplicable because that statutory provision applies only to "properly joined" defendants. 28 U.S.C. § 1441(b).

11. In Colorado, a product liability action is defined as "any action against a manufacturer or seller of a product, ***regardless of the substantive theory or theories upon which the action is brought***, for or on account of personal injury, death or property damages caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product." C.R.S. § 13-21-401 (emphasis added). Thus, the claims asserted in this case against Poudre Valley Co-op – Negligence (Count III), Breach of Express Warranties (Count IV), and Breach of Implied Warranties (Count V) – are product liability claims within the scope of that statute.

12. However, as to Poudre Valley Co-op, those claims are not viable as a matter of law because Colorado law broadly protects sellers, like Poudre Valley Co-op, from product liability claims – instead limiting such claims to product manufacturers. Specifically, Colorado's innocent seller statute provides: "No product liability action shall be commenced or maintained against any seller of a product unless said seller is also the manufacturer of said product or the

manufacturer of the part thereof giving rise to the product liability action." C.R.S. 13-21-402(1). For purposes of this statute, a "manufacturer" is defined as "a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product prior to the sale of the product to a user or consumer." C.R.S. 13-21-401(1). As the Complaint makes clear, plaintiff alleges that Poudre Valley Co-op *sold* Monsanto's Roundup®-branded herbicides to him. Complaint ¶ 5. Plaintiff does not allege – and cannot allege – that Poudre Valley Co-op manufactured those herbicides or any "component" of those herbicides. Plaintiff's decision to name only Monsanto in Count I (Strict Liability – Design Defect) and Count II (Strict Liability – Failure to Warn) – and not Poudre Valley Co-op – further supports the conclusion that Poudre Valley Co-op was not a manufacturer of Roundup®-branded herbicides within the meaning of the statutory provisions quoted above. In short, according to the Complaint, Poudre Valley Co-op was merely a seller. *See* C.R.S. § 13-21-401(3) ("seller" means any "entity . . . who is engaged in the business of selling or leasing any product for resale, use or consumption").

13. Although there is an exception to the statutory protection discussed above, that exception does not apply here. A seller can be considered a manufacturer for purposes of the statute if the seller "has actual knowledge of a defect in a product." C.R.S. § 13-21-401(1). However, plaintiff does not (and cannot) allege that Poudre Valley Co-op had actual knowledge, when it sold Roundup®-branded herbicides to plaintiff, of the alleged defect at issue here – carcinogenicity of those herbicides. The lengthy Complaint is chock-full of allegations that Monsanto, in various ways over the course of decades, concealed that defect,[1] but the Complaint

---

[1] Monsanto denies that Roundup®-branded herbicides cause cancer and denies plaintiff's allegations that Monsanto improperly concealed information about that alleged adverse event.

does not allege that Poudre Valley Co-op had actual knowledge that Roundup®-branded herbicides cause cancer when Poudre Valley Co-op sold those herbicides to plaintiff.[2] Lumping Monsanto and Poudre Valley Co-op together by making allegations against "Defendants" that clearly involve only Monsanto and not Poudre Valley Co-op, *compare* Complaint ¶¶ 122-23, 126-27 *with* Complaint ¶¶ 124-25, is improper and shows that plaintiff does not have any viable claims against Poudre Valley Co-op. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (rejecting the complaint's use of "Defendants" as improper group pleading that "fails to isolate the allegedly [actionable] acts of each defendant, and thereby does not provide adequate notice as to the nature of the claims against each.").

14. This case is on all fours with *Oshima v. Kia Motors Corp.*, No. 11-cv-03349-MEH-REB, 2012 WL 1578397 (D. Colo. May 4, 2012), where this Court upheld the removal of a product liability action and held that the non-diverse defendant was fraudulently joined based on Colorado's innocent seller statute. There, like here, the plaintiff named a diversity-destroying, in-state defendant that allegedly sold the defective product. *Id.* at *2. Citing the innocent seller statute, C.R.S. § 13-21-402(1), Judge Blackburn held that the plaintiff had not alleged any plausible theory of recovery against the non-diverse defendant, and therefore the Court had diversity jurisdiction. *Oshima*, 2012 WL 1578397, at *6-7 ("Plaintiffs cannot assert a viable products liability claim against Grand Auto for merely selling an allegedly defective car. As such, Grand Auto was fraudulently joined and should be dismissed from this lawsuit, which was

---

[2] Here, the ***only*** allegations specific to Poudre Valley Co-op are in paragraphs 4 and 5 of the Complaint, which allege only that Poudre Valley Co-op is a Colorado corporation with its principal place of business in Fort Collins and that it "distributed Monsanto products including Roundup® within the state of Colorado."

properly removed as arising under the federal court's complete diversity jurisdiction."). The same result is warranted here.

15.     The amount-in-controversy requirement is also satisfied in this case. The Complaint seeks damages based on allegations that Monsanto's Roundup®-branded herbicides caused plaintiff to develop cancer (NHL). Plaintiff alleges that he has "suffered severe and permanent physical and emotional injuries," has "endured pain and suffering, has suffered economic loss, including significant expenses for medical care and treatment, and will continue to incur these expenses in the future." Complaint ¶ 157. Indeed, in his state court civil cover sheet, plaintiff states that he seeks a monetary judgment for more than $100,000. Attachment 2, ¶ 2. Therefore, it is plausible from the face of the Complaint that plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (holding the amount-in-controversy requirement can be satisfied by an estimate of the potential damages based upon "[a] complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000"). In fact, numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under § 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

16. In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship between plaintiff and Monsanto and the amount in controversy exceeds $75,000, exclusive of costs and interest.

## Procedural Requirements

17. The District Court for the City and County of Larimer, Colorado is located within the District of Colorado. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

18. Monsanto's registered agent received notice of process on July 17, 2019. Attachment 3 (Affidavit of Service on Monsanto). This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of July 17, 2019.

19. Consent to removal by Poudre Valley Co-op is not required because that defendant has been fraudulently joined and therefore is not "properly joined," 28 U.S.C. § 1446(b)(2)(A).

20. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the District Court for the City and County of Larimer, Colorado and will be promptly served on plaintiff.

21. In accordance with 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1, Monsanto separately attaches the following state court pleadings to this notice:

| **Attachment** | **State Court Pleading** |
|---|---|
| 1. | State Court Civil Complaint with Jury Demand |
| 2. | State Court Civil Cover Sheet |
| 3. | Affidavit of Service on Monsanto |

4826-3568-2209

| 4. | Affidavit of Service on Poudre Valley |
|---|---|
| 5. | Order Granting Defendant Monsanto's Motion for Extension of Time to File Responsive Pleading |
| 6. | Order Granting Defendant Poudre Valley Co-op's Motion for Extension of Time to File Responsive Pleading |
| 7. | Notice of Judicial Civil Case Management |
| 8. | Order Incorporating Courtroom Procedures |
| 9. | State Court Docket Sheet |

22. Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

23. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated:  August 16, 2019                                    Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Eric J. Hobbs*
Paul A. Williams
Eric J. Hobbs
1660 17th Street, Suite 450
Denver, Colorado 80202-1254
Telephone: 303-285-5300
Facsimile: 303-285-5301
Email: pwilliams@shb.com
Email: ehobbs@shb.com

*Attorneys for Monsanto Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of August, 2019, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document has also been served by US Mail upon the following attorneys of record for plaintiff:

Roman Balaban, Atty. Reg. No. 39148
Andrew Ramos, Atty. Reg. No. 50543
BALABAN LAW LLC
8055 East Tufts Avenue, Suite 325
Denver, CO 80237
Phone Number: (303) 377-3474
Fax Number: (303) 377-3576
balaban@denverfirm.com
ramos@denverfirm.com

***Attorneys for Plaintiff***

*/s/ Eric Hobbs*
Eric Hobbs

4826-3568-2209